**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Criminal No. 3:11-00082 |
| v. | ) | Judge Trauger |
| | ) | |
| | ) | |
| [1] TRAVIS LYNN GENTRY | ) | |
| [3] FRANK DWAYNE RANDOLPH, | ) | |
| a/k/a TUBBS, | ) | |
| [7] PATRICK DEWAYNE SMITH | ) | |

# JURY INSTRUCTIONS

# <u>INTRODUCTION</u>

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendants are accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 2 of 69 PageID #: 3867

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved any defendant guilty beyond a reasonable doubt of any of the crimes charged. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

# PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendants have pleaded not guilty to the crimes charged in the Second Superseding Indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt. Instead, the defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that they are innocent. This presumption of innocence stays with them unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that any of them is guilty.

This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the government to prove that they are guilty, and this burden stays on the government from start to finish. You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant guilty beyond a reasonable doubt, say

4

so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty

verdict.

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 5 of 69 PageID #: 3870

# EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not  evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## <u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Case 3:11-cr-00082   Document 1180    Filed 11/16/12   Page 7 of 69 PageID #: 3872

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 8 of 69 PageID #: 3873

# CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

9

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

# NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 11 of 69 PageID #: 3876

# **LAWYERS' OBJECTIONS**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.  The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

# OFFENSE ELEMENTS

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendants are accused of committing.

But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved these defendants guilty. Do not let the possible guilt of others influence your decision in any way.

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 13 of 69 PageID #: 3878

## MULTIPLE DEFENDANTS
## CHARGED WITH DIFFERENT CRIMES

The defendants have been charged with different crimes. I will explain to you in more detail shortly which defendants have been charged with which crimes. But before I do that, I want to emphasize several things.

The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

# THE INDICTMENT

The Indictment in this case reads as follows:

## COUNT ONE

THE GRAND JURY CHARGES:

Between in or around January 2006 to on or about March 17, 2011, in the Middle District of Tennessee and elsewhere, **[1] TRAVIS LYNN GENTRY, [3] FRANK DWAYNE RANDOLPH a/k/a TUBBS,** and **[7] PATRICK DEWAYNE SMITH** did combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute controlled substances, including 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, and 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, that is crack cocaine, Schedule II controlled substances, and 100 kilograms or more of marijuana and a quantity of a mixture or substance containing methylenedioxymethamphetamine (MDMA), generally known as "Ecstasy", Schedule I controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It was part of this conspiracy that **[1] TRAVIS LYNN GENTRY** obtained cocaine from various suppliers for distribution, including from a person known as "G," and that **[1] TRAVIS LYNN GENTRY** committed a home invasion style robbery and murders at G's request in connection with a drug-related debt.

It was part of this conspiracy that **[1] TRAVIS LYNN GENTRY** and **[7] PATRICK DEWAYNE SMITH** supplied each other with cocaine.

15

It was part of this conspiracy that **[1] TRAVIS LYNN GENTRY** manufactured cocaine base ("crack cocaine") for distribution, including manufacturing crack cocaine for **[7] PATRICK DEWAYNE SMITH** to further distribute.

It was part of this conspiracy that various co-conspirators, including **[1] TRAVIS LYNN GENTRY** and **[3] FRANK DWAYNE RANDOLPH a/k/a TUBBS** possessed firearms.

It was part of this conspiracy that **[3] FRANK DWAYNE RANDOLPH a/k/a TUBBS** stored and concealed drug proceeds and firearms to protect the continued operation and viability of the conspiracy and to prevent the seizure of those items by law enforcement.

It was part of this conspiracy that co-conspirators would warn each other of potential risks to the operation and continuation of the conspiracy, including warning of law enforcement activities which may result in the arrest of co-conspirators or the seizure of drugs, drug proceeds, and firearms.

In violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

Between in or around January 2006 to on or about March 17, 2011, in the Middle District of Tennessee and elsewhere, the defendants **[1] TRAVIS LYNN GENTRY, [3] FRANK DWAYNE RANDOLPH a/k/a TUBBS** and **[7] PATRICK DEWAYNE SMITH** did combine, conspire, confederate, and agree with each other to commit the following offense against the laws of the United States:

1. Money laundering with the intent to promote the carrying on of specified unlawful activity, to wit: feloniously receiving, concealing, buying, selling, or otherwise dealing in a

16

controlled substance punishable under any law of the United States, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I), and

2. Money laundering with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit: feloniously receiving, concealing, buying, selling, or otherwise dealing in a controlled substance punishable under any law of the United States, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I).

In furtherance of the conspiracy and to effect the objects thereof, one or more of the conspirators carried out one or more of the following overt acts, among others:

a. **[1] TRAVIS LYNN GENTRY, [3] FRANK DWAYNE RANDOLPH a/k/a TUBBS** and **[7] PATRICK DEWAYNE SMITH** transferred and concealed drug proceeds.

b. **[3] FRANK DWAYNE RANDOLPH a/k/a TUBBS** maintained a safe deposit box at a financial institution and placed approximately $2,000 of Travis Gentry's drug proceeds into that safe deposit box.

In violation of Title 18, United States Code, Sections 2 and 1956(h).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

Between in or around January 2006 to on or about March 17, 2011, in the Middle District of Tennessee, **[1] TRAVIS LYNN GENTRY** and **[3] FRANK DWAYNE RANDOLPH a/k/a TUBBS**, did knowingly possess firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess a controlled substance with intent to distribute in violation of Title 21, United States Code, Section 846.

17

In violation of Title 18, United States Code, Sections 924(c) and 2.

## COUNT SIX

THE GRAND JURY FURTHER CHARGES:

On or about December 2, 2009, in the Middle District of Tennessee, **[1] TRAVIS LYNN GENTRY** did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES:

On or about December 8, 2009, in the Middle District of Tennessee, **[1] TRAVIS LYNN GENTRY** did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES:

On or about December 18, 2009, in the Middle District of Tennessee, **[1] TRAVIS LYNN GENTRY** did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 18 of 69 PageID #: 3883

## COUNT NINE

THE GRAND JURY FURTHER CHARGES:

On or about January 30, 2011, in the Middle District of Tennessee, **[1] TRAVIS LYNN GENTRY** did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TEN

THE GRAND JURY FURTHER CHARGES:

Between in or around January 2006 to on or about March 17, 2011, in the Middle District of Tennessee, **[3] FRANK DWAYNE RANDOLPH a/k/a TUBBS**, knowing that an offense against the United States had been committed, to wit, conspiracy to knowingly and intentionally distribute and possess with the intent to distribute controlled substances, including 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, and 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, that is crack cocaine, Schedule II controlled substances, and 100 kilograms or more of marijuana and a quantity of a mixture or substance containing methylenedioxymethamphetamine (MDMA), generally known as "Ecstasy", Schedule I controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, did receive, relieve, comfort, and assist the offenders, including Travis Gentry in order to hinder and prevent Travis Gentry's apprehension, trial, and punishment.

In violation of Title 18, United States Code, Section 3.

## COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES:

Between in or around December 2010 to on or about March 17,2011, in the Middle District of Tennessee, **[1] TRAVIS LYNN GENTRY,** having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, firearms.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT TWELVE

THE GRAND JURY FURTHER CHARGES:

On or about March 17, 2011, in the Middle District of Tennessee, **FRANK DWAYNE RANDOLPH a/k/a TUBBS**, having duly taken an oath before United States Magistrate Judge Joe B. Brown, that he would testify truly, and that any declaration or certificate subscribed by him was true, did willfully and knowingly and contrary to said oath state material matter which he did not believe to be true, that is to say:

1. At the time and place aforesaid, United States Magistrate Judge Joe B. Brown was presiding over the initial appearance of the defendant following the defendant's arrest on a federal complaint and warrant charging him with engaging in a drug trafficking conspiracy in violation of Title 21, United States Code, Section 846. As part of that proceeding, **FRANK DWAYNE RANDOLPH a/k/a TUBBS** advised the Court that he wanted a court appointed defense counsel. In order to determine whether the defendant qualified for court appointed counsel, the defendant was required to submit a financial affidavit to establish his income, assets, and liabilities which the Court reviewed to determine whether the defendant could afford to retain his own defense counsel instead

20

of being appointed a defense counsel at public expense. The contents of the financial affidavit were material to the Court's decision whether to grant the defendant's request for appointed counsel.

2. At the time and place aforesaid, **FRANK DWAYNE RANDOLPH a/k/a TUBBS** executed the financial affidavit in support of his request for appointed counsel. The defendant certified under penalty of perjury that the contents of that financial affidavit were true and correct, and also took an oral oath that the financial affidavit was correct. In that financial affidavit, the defendant was asked: "Have you any cash on hand or money in savings or checking accounts?" He answered, "Yes" and stated that the total amount was approximately $25,000. In that financial affidavit, the defendant was also asked, "Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?" He answered, "Yes." The financial affidavit then asked him to give the value and description of such assets, and he listed only that he was buying a house on Poplar Street in Pulaski, and that the residence was valued at $120,000.

3. The aforesaid statements in the financial affidavit signed and submitted by **FRANK DWAYNE RANDOLPH a/k/a TUBBS,** as he then and there well knew and believed, were false in that the defendant intentionally and willfully omitted, from that financial affidavit, substantial assets valued at over $100,000 including cash, land, and financial accounts. The defendant's omission of such substantial assets was material to the Court's decision and caused the Court to grant the defendant's request for appointed counsel based on the defendant's false financial affidavit.

All in violation of Title 18, United States Code, Section 1621(1).

## **ON OR ABOUT**

I want to say a word about the dates mentioned in the indictment.

The indictment charges that the crimes alleged in Count One, Two, Three, and Ten occurred between in or around January 2006 to on or about March 17, 2011, and that the crime alleged in Count Eleven occurred between in or around December 2010 to on or about  March 17,2011.

The indictment also charges that the crime alleged in Count Six occurred on or about December 2, 2009; that the crime alleged in Count Seven occurred on or about December 8, 2009; that the crime alleged in Count Eight occurred on or about December 18, 2009; that the crime alleged in Count Nine occurred on or about January 30, 2011; and that the crime alleged in Count Twelve occurred on or about March 17, 2011.

The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

# INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind. Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

23

# DELIBERATE IGNORANCE

(1) Next, I want to explain something about proving a defendant's knowledge.

(2) No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that defendant Randolph deliberately ignored a high probability that a fact existed, then you may find that he knew that fact.

(3) But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that the fact existed and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

# DEFINITION OF THE CRIME - COUNT ONE

      a.    <u>Nature of the Offense</u>

Count One of the Second Superseding Indictment charges the defendants with a conspiracy to commit the crimes of knowingly and intentionally distributing and possessing with the intent to distribute controlled substances, including one or more of the following controlled substances:

      i.    a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;

      ii.    a quantity of a mixture and substance containing a detectable amount of cocaine base, that is crack cocaine, a Schedule II controlled substance, and

      iii.    a quantity of marijuana, a Schedule II controlled substance; and

      iv.    a quantity of a mixture or substance containing methylenedioxymethamphetamine (MDMA), generally known as "Ecstasy", a Schedule I controlled substance,

all in violation of Title 21, United States Code, Section 841(a)(1).

Title 21, United States Code, Section 846, makes it a separate federal crime or offense for any person to conspire or agree with another person or persons to do something which, if actually carried out, would be a violation of Title 21, United States Code, Section 841(a)(l). Section 841(a)(l) makes it a crime for a person to knowingly and intentionally: (1) possess with the intent to distribute; or (2) distribute, a controlled substance.

I will instruct you further regarding Section 841(a)(l) in a moment.

      b.    <u>Elements of the Offense</u>

Case 3:11-cr-00082   Document 1180    Filed 11/16/12   Page 25 of 69 PageID #: 3890

With regard to Count One, for you to find any of the defendants guilty of the conspiracy charge, the Government must prove each and every one of the following two elements beyond a reasonable doubt:

1. Two or more persons conspired, or agreed, to commit the crimes alleged in the Indictment; and

2. The Defendant knowingly and voluntarily joined the conspiracy.

You must be convinced that the Government has proved all of these elements beyond a reasonable doubt in order to find a Defendant guilty of the conspiracy charge in Count One.

I.     Agreement

With regard to the first element -- a criminal agreement -- the Government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crimes alleged.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the Government has proved an agreement. But without more they are not enough.

What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crimes alleged.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

If you are convinced that there was a criminal agreement, then you must decide whether the Government has proved that the Defendant knowingly and voluntarily joined that agreement. To convict the Defendant, the Government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the Defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the Defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that the Defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Mere presence, without more, is not enough to support a conviction. Also, just because the Defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the Government has proved that the Defendant joined a conspiracy. But without more they are not enough.

What the Government must prove is that the Defendant knew the conspiracy's main purpose, and that he voluntarily joined it, intending to help advance or achieve its goals. This is essential.

The Defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

Some of the people who may have been involved in these alleged events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a Defendant with a conspiracy involving people whose names are not known, as long as the Government can prove that the Defendant conspired with one or more of them. Whether they are named or not does not matter.

iii.     <u>Overt Acts Not Required</u>

The Government is not required to prove that the Defendant or other conspirators committed an overt act during the conspiracy for you to find the Defendant guilty of the offense charged in Count One.

c.     <u>Object of the Conspiracy</u>

I.     <u>21 U.S.C. § 841(a)(l) - Elements</u>

As noted above, Section 841(a)(l) makes it a crime for a person to knowingly and intentionally: (1) possess with the intent to distribute; or (2) distribute, a controlled substance. I will now instruct you on the definitions of these crimes, which are the object of the conspiracy charged in Count One.

Case 3:11-cr-00082    Document 1180    Filed 11/16/12    Page 28 of 69 PageID #: 3893

A.     Possession of a Controlled Substance

The crime of possession with intent to distribute a controlled substance has four elements:

1.     A person possessed a mixture or substance containing a controlled substance; and

2.     The person possessed the controlled substance knowingly or intentionally; and

3.     The person intended to distribute the controlled substance; and

4.     That the controlled substance was the substance alleged in the Indictment.

B.     Definition of "Possession"

Next, I want to explain something about possession. The government does not necessarily have to prove that a person physically possessed a controlled substance for you to find him guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the person had direct, physical control over the controlled substance, and knew that he had control of it.

To establish constructive possession, the government must prove that the person had the right to exercise physical control over the controlled substance, and knew that he or she had this right, and that he or she intended to exercise physical control over the controlled substance at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the person had actual or constructive possession of

29

the controlled substance, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

C.    Possession With Intent To Distribute A Controlled Substance

The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference but you may draw it.

D.    Distribution of A Controlled Substance

The crime of distribution of a controlled substance has three elements:

1.    A person distributed a controlled substance; and

2.    The person distributed the controlled substance knowingly and intentionally; and

3.    That the controlled substance was the substance alleged in the Indictment.

The term distribute, as used in Count One, means to deliver or transfer possession or control of a controlled substance from one person to another. To distribute includes the sale of a

controlled substance by one person to another, but does not require a sale. Distribute also includes a delivery or transfer without any financial compensation, such as a gift or trade.

I instruct you that, as a matter of law, cocaine and cocaine base (or "crack cocaine") are Schedule II controlled substances, and that marijuana and methylenedioxymethamphetamine (MDMA), generally known as "Ecstasy", are Schedule I controlled substances; that is, they are kinds of prohibited drug. The Government must prove beyond a reasonable doubt that the material that the Defendants are charged with conspiring to possess with the intent to distribute or distribute is in fact one or more of the controlled substances alleged in the indictment.

        a.      <u>Knowledge That The Substance Was A Controlled Substance</u>

With respect to knowledge, the Defendant must have known that he possessed a controlled substance and that his possession was not due to carelessness, negligence, or mistake.

It is not necessary for the Government to prove that the Defendant knew the precise nature of the controlled substance that was in his possession. The Government must prove beyond a reasonable doubt, however, that the Defendant knew he possessed some type of controlled substance.

        b.      <u>Knowingly and Intentionally</u>

The term "knowingly," as used in these instructions to describe the alleged state of mind of the Defendant means voluntarily and intentionally, and not because of mistake or accident.

An act is done "intentionally" if done voluntarily, that is, with full consent of the will.

        c.      <u>Impossibility of Success</u>

It is no defense to a conspiracy charge that success was impossible because of circumstances that the Defendant did not know about. This means that you may find the

Defendant guilty of conspiracy even if it was impossible for him to successfully complete the crime that he agreed to commit.

   d. <u>Venue</u>

  Some of the events that you have heard about may have happened in other places. There is no requirement that the entire conspiracy take place here in the Middle District of Tennessee. But for you to return a guilty verdict on the conspiracy charge, the Government must convince you that either the agreement was formed or the offense began, continued or was completed in the Middle District of Tennessee.

  Unlike all the other elements that I have described, this is just a fact that the Government only has to prove by a preponderance of the evidence. This means that the Government only has to convince you that it is more likely true than not true that part of the conspiracy took place here.

  Remember that all the other elements I have described must be proved beyond a reasonable doubt, which is a stricter standard of proof.

# DETERMINING AMOUNT OF CONTROLLED SUBSTANCE

(1)  The defendants are charged in Count One of the indictment with conspiring to distribute and possess with the intent to distribute controlled substances. If you find a defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substance(s) involved in the offense.  You will be provided with a special verdict form for this purpose.

(2)  If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least:

> i.   5 kilograms or more of a mixture and substance containing a detectable amount of cocaine;
>
> ii.   280 grams or more of a mixture and substance containing a detectable amount of cocaine base; and/or
>
> iii.   100 kilograms or more of marijuana;

then please indicate this finding by checking the appropriate places on the special verdict form.

(3)  If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least:

> I.   500 grams or more of a mixture and substance containing a detectable amount of cocaine;
>
> ii.   28 grams or more of a mixture and substance containing a detectable amount of cocaine base; and/or
>
> iii.   50 kilograms or more of marijuana,

then please indicate this finding by checking that line on the special verdict form.

(4) If you find that there was some quantity of controlled substances but that it was below the quantities listed in (3) above, please check the appropriate line on the special verdict form.

(5) In determining the quantity of the controlled substance involved in the offense, you need not find that the defendant knew the quantity involved in the offense.

(6) If you unanimously find that a particular defendant did not possess any of a particular controlled substance, mark "None" on the appropriate special verdict form.

(7) You have heard testimony concerning the quantity of drugs at issue, expressed variously as ounces, pounds, grams and kilograms. In your deliberations, you should consider the following conversion rates:

- 1 ounce equals 28.3 grams
- 36 ounces equals 1 kilogram
- 1 pound equals 0.454 kilograms
- 1 kilogram equals 2.2 pounds

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 34 of 69 PageID #: 3899

# BUYER-SELLER RELATIONSHIP

The existence of a simple buyer-seller relationship between a defendant and another person, without more, is not sufficient to establish a conspiracy, even where the buyer intends to resell the controlled substance. The fact that a defendant may have bought the controlled substance from another person or sold the controlled substance to another person is not sufficient without more to establish that the defendant was a member of the charged conspiracy.

In considering whether a conspiracy or a simple buyer-seller relationship existed, you should consider all of the evidence, including the following factors;

(1) whether the transaction involved large quantities of the controlled substance;

(2) whether the parties had a standardized way of doing business over time;

(3) whether the sales were on credit or on consignment;

(4) whether the parties had a continuing relationship;

(5) whether the seller had a financial stake in a resale by the buyer; and

(6) whether the parties had an understanding that the controlled substance would be resold.

No single factor necessarily indicates by itself that a defendant was or was not engaged in a simple buyer-seller relationship.

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 35 of 69 PageID #: 3900

## LESSER INCLUDED OFFENSE TO COUNT ONE
## AS TO DEFENDANT SMITH

(1) With respect to Count One, I instruct you that conspiracy to possess a controlled substance is a lesser-included offense of conspiracy to possess with the intent to distribute a controlled substance. If you find defendant Smith not guilty as to Count One, you should consider whether he is guilty of the lesser offense.

For you to find defendant Smith guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, the defendant conspired to possess a controlled substance.

(B) Second, the defendant did so knowingly and intentionally.

(2) The definition of these terms is the same as I have previously provided.

## DEFINITION OF THE CRIME - COUNT TWO

Count Two of the Second Superseding Indictment accuses the defendants of violating federal law by conspiring to commit the crime of money laundering in violation of Title 18 United States Code Section 1956(h).

Title 18 United States Code Section §1956(h) provides as follows:

Any person who conspires to commit any offense defined in this section or section 1957 shall be [punished as provided by law]

The indictment charges a conspiracy to launder money with the intent to promote the carrying on of a specified unlawful activity, that is a violation of Title 18 United States Code Section 1956(a)(1)(A)(I) and/or money laundering with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18 United States Code, Section 1956(a)(1)(B)(I).

Title 18 U.S.C. § 1956(a)(1)(A)(I) provides, in pertinent part:

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity [shall be punished as provided by law].

Title 18 U.S.C. § 1956(a)(1)(B)(I) provides, in pertinent part:

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity knowing that the transaction is designed in whole or in part to

37

conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity [shall be punished as provided by law]

The term "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the person knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. The government does not have to prove the defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

The term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition and, with respect to a financial institution, includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term financial transaction means:

(A) a transaction which in any way or degree affects interstate or foreign commerce

(I) involving the movement of funds by wire or other means or

(ii) involving one or more monetary instruments, or

38

(iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or

(B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The term monetary instruments means

(I) coin or currency of the United States or of any other country, travelers checks, personal checks, bank checks, and money orders, or

(ii) investment securities or negotiable instruments, in bearer form or otherwise in such form that title thereto passes upon delivery;

The term financial institution includes

(A) any financial institution, as defined in section 5312 (a)(2) of title 31, United States Code, or the regulations promulgated thereunder.

The term "specified unlawful activity" means the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act).

The word "proceeds" includes what is produced by or derived from unlawful activity.

Title 31 U.S.C. § 5312 (a)(2) provides that a "financial institution" includes any United States Postal Office, any Western Union Office, and any issuer, redeemer, or cashier of travelers' checks, checks, money orders, or similar instruments, businesses involved in vehicle sales and persons involved in real estate closings and settlements.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First:*   that two or more persons conspired, or agreed, to commit the crime of

Money Laundering with the intent to promote the carrying on of specified

unlawful activity in violation of Title 18 U.S.C. § 1956(a)(1)(A)(I), and/or

the crime of Money Laundering with the intent to conceal and disguise the

nature, location, source, ownership, or control of the proceeds of specified

unlawful activity, in violation of Title 18 U.S.C. § 1956(a)(1)(B)(I).

*Second*:   that the defendant knowingly and voluntarily joined the conspiracy.

If you are convinced that the government has proved all of these elements, say so by

returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these

elements, then you must find the defendant not guilty of this charge.

## MULTIPLE CONSPIRACIES AS TO COUNTS ONE AND TWO OTHER THAN THOSE CHARGED IN THE INDICTMENT

(1) The indictment charges that the defendants were all members of one single conspiracy to commit the crime of distribution and possession with intent to distribute controlled substances and one single conspiracy to commit the crime of money laundering.

(2) Some of the defendants have argued that there were really separate conspiracies.

(3) To convict any one of the defendants of the two conspiracies charged, the government must convince you beyond a reasonable doubt that the particular defendant was a member of the particular conspiracy charged in the indictment. If the government fails to prove this, then you must find that defendant not guilty of the conspiracy charged, even if you find that he was a member of some other conspiracy. Proof that a defendant was a member of some other conspiracy is not enough to convict.

(4) But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government also proved that he was a member of one or both of the conspiracies charged in the indictment.

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 41 of 69 PageID #: 3906

## MULTIPLE CONSPIRACIES–FACTORS IN DETERMINING

(1) In deciding whether there was more than one conspiracy, you should concentrate on the nature of the agreement.  To prove a single conspiracy, the government must convince you that each of the members agreed to participate in what he knew was a group activity directed toward a common goal.  There must be proof of an agreement on an overall objective.

(2) But a single conspiracy may exist even if all the members did not know each other, or never sat down together, or did not know what roles all the other members played.  And a single conspiracy may exist even if different members joined at different times, or the membership of the group changed.  These are all things that you may consider in deciding whether there was more than one conspiracy, but they are not necessarily controlling.

(3) Similarly, just because there were different sub-groups operating in different places, or many different criminal acts committed over a long period of time, does not necessarily mean that there was more than one conspiracy.  Again, you may consider these things, but they are not necessarily controlling.

(4) What is controlling is whether the government has proved that there was an overall agreement on a common goal.  That is the key.

## DEFINITION OF THE CRIME - COUNT THREE

(1)     Count Three of the Second Superseding Indictment accuses defendants Travis Gentry and Frank Randolph of violating federal law by possessing one or more firearms in furtherance of a drug trafficking crime in violation of Title 18 U.S.C. § 924(c)(1).

For you to find the defendants guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

(A)     First: That the defendants committed one of the crimes charged in Count One.  A conspiracy to possess with intent to distribute or a conspiracy to distribute is a drug trafficking crime which may be prosecuted in a court of the United States.

(B)     Second: That the defendant knowingly possessed a firearm.

(C)     Third: That the possession of the firearm was in furtherance of one of the crimes charged in Count One.

(2)     Now I will give you more detailed instructions on some of these terms.

(A)     The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The firearm need not be loaded.

(B)     The term "knowingly" has the same meaning as described earlier.

(C)     The term "possession" has the same meaning as described earlier.

(D)     The term "in furtherance of" means that the firearm was possessed to advance or promote the crimes charged in Count One and that the firearm was strategically located so that it was quickly and easily available for use.  Other factors that may be relevant to a determination of whether the weapon was possessed in furtherance of the crime include whether the gun was

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 43 of 69 PageID #: 3908

loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found.

(3)     If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

# AIDING AND ABETTING

(1)     For you to find any of the defendants guilty of the charges alleged in Counts One, Two, or Three of the Second Superseding Indictment, it is not necessary for you to find that he personally committed the crime.  You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime.  A person who does this is called an aider and abettor.

(2)     But for you to find any one of the defendants guilty of these charges as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)     First, that the crime charged was committed.

(B)     Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

(C)     And third, that the defendant intended to help commit or encourage the crime.

(3)     Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4)     What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

(5)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on the charge.  If you have a reasonable doubt about any one of these

45

elements, then you cannot find the defendant guilty of the charges in Counts One, Two, or Three as an aider and abettor.

## DEFINITION OF THE CRIME - COUNTS SIX TO ~~NINE~~ *Eight*

(1)    Counts Six through ~~Nine~~ *Eight* of the Second Superseding Indictment accuse defendant

Travis Gentry of violating federal law by distributing a controlled substance in violation of Title

21 U.S.C. § 841(a)(1).

(2)    For you to find the defendant guilty of this crime, you must find that the

government has proved each and every one of the following elements beyond a reasonable doubt:

1.    The defendant ~~distributed~~ *possess* a controlled substance;

2.    The defendant ~~distributed~~ *intended to* the controlled substance knowingly and intentionally;

and

3.    That the controlled substance was the substance alleged in the Indictment.

(3)    I previously instructed you about the definition of these elements with regard to

Count One. The same definitions apply to Counts Six to ~~Nine.~~ *Eight*

47

## DEFINITION OF THE CRIME - COUNT NINE

(1)      Count Nine of the Second Superseding Indictment accuses defendant Travis Gentry of violating federal law by possessing a controlled substance with the intent to distribute it, in violation of Title 21 U.S.C. § 841(a)(1).

(2)      For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

1.      The defendant possessed a controlled substance;

2.      The defendant possessed the controlled substance knowingly and intentionally;

3.      The defendant intended to distribute the controlled substance; and

4.      The controlled substance was the substance alleged in the Indictment.

(3)      I previously instructed you about the definition of these elements with regard to Count One. The same definitions apply to Count Nine.

## DEFINITION OF THE CRIME - COUNT TEN

(1) In addition to being charged in Count One with committing the crime of conspiring to distribute and possess with intent to distribute a controlled substance, defendant Frank Randolph is also charged in Count Ten of the Second Superseding Indictment with violating federal law by committing the crime of accessory after the fact, in violation of Title 18 U.S.C. § 3. That is, he is charged with helping someone else try to avoid being arrested, prosecuted or punished for that crime. A person who does this is called an accessory after the fact.

(2) For you to find Frank Randolph guilty of being an accessory after the fact, the government must prove each and every one of the following elements beyond a reasonable doubt:

> (A) First, that the defendant knew someone else had already committed the crime of conspiring to distribute and possess with intent to distribute a controlled substance.

> (B) Second, that the defendant then helped that person try to avoid being arrested, prosecuted or punished.

> (C) And third, that the defendant did so with the intent to help that person avoid being arrested, prosecuted or punished.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## DEFINITION OF THE CRIME - COUNT ELEVEN

48

(1) Count Eleven of the Second Superseding Indictment accuses defendant Travis Gentry of unlawfully possessing a firearm in violation of Title 18 U.S.C. § 922(g).

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

I.     First:  That the defendant has been convicted of a crime punishable by imprisonment for more than one year; and

ii.     That the defendant, following his conviction, knowingly possessed a firearm; and

iii.     That the firearm that the defendant possessed crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Tennessee.

(2) You are instructed that the government and defendant Gentry have agreed that defendant Gentry has previously been convicted of a crime punishable by imprisonment for more than one year, so this element is established.

(3) Now I will give you more detailed instructions on elements ii and iii.

(A) The definition of "possession" that I previously provided to you in these instructions applies to this count as well.  The defendant does not have to own the firearm in order to possess the firearm.

(B)  The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

49

(C) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(4)  If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## DEFINITION OF THE CRIME - COUNT TWELVE

(1) Count Twelve of the Second Superseding Indictment accuses defendant Frank Randolph of perjury in violation of Title 18 U.S.C. § 1621(1).

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following five elements beyond a reasonable doubt:

I.     *First,* the defendant executed a financial affidavit under oath at his initial appearance before the magistrate court in this case in the following manner:

> When the financial affidavit asked: "Have you any cash on hand or money in savings or checking accounts?", he responded with the answer "Yes" and stated that the amount was approximately $25,000;

> When the financial affidavit asked: "Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?", he answered "Yes"; and

> When the financial affidavit then asked him to give the value and description of such assets, he listed only that he was buying a house on Poplar Street in Pulaski, and that the residence was valued at $120,000.

ii.     *Two*, the testimony so given was false;

iii.     *Three*, at the time he executed the affidavit, the defendant knew such testimony was false;

51

iv.    *Four*, the defendant voluntarily and intentionally gave such testimony; and

v.    *Five*, the false testimony was material.

False testimony is "material" if the testimony is capable of influencing the magistrate court on the issue before it.

You need not find that all of the alleged false statements in Count Twelve of the Second Superseding Indictment are false; instead, you must find unanimously and beyond a reasonable doubt that at least one of the statements set out in Count Twelve is false.

52

## **STIPULATIONS**

The government and the defendants have stipulated – that is, they have agreed – that certain facts are true.   You must therefore treat those facts as having been proved beyond a reasonable doubt.

## TESTIMONY OF GOVERNMENT EMPLOYEES

People employed by the federal, state, or local government, including law enforcement officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witnesses.

## **DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

A defendant has an absolute right not to testify or present evidence. The fact that a defendant did not testify or present evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendants guilty beyond a reasonable doubt. It is not up to the defendants to prove that they are innocent.

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 56 of 69 PageID #: 3921

## IMPEACHMENT OF A WITNESS OTHER THAN DEFENDANT BY PRIOR CONVICTION

(1)     You have heard the testimony of various witnesses who before this trial were convicted of crimes.

(2)     These earlier convictions were brought to your attention only as one way of helping you decide how believable the witness's testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

# TESTIMONY OF AN ACCOMPLICE

(1)     You have heard the testimony of certain accomplices who have cooperated with the government.  You have also heard that all of them were involved in the same crimes that the defendants are charged with committing.  You should consider their testimony with more caution than the testimony of other witnesses.

(2)     Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

(3) The fact that these accomplices have pleaded guilty to a crime is not evidence that any defendant is guilty, and you cannot consider this against any defendant in any way.

## **TRANSCRIPTIONS OF TAPE RECORDINGS**

(1) You have heard some tape recordings that were received in evidence, and you were given some written transcripts of the tapes.

(2) Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The tapes themselves are the evidence. If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.

## INTRODUCTION REGARDING DELIBERATIONS AND VERDICT

(1)     That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)     One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## EXPERIMENTS, RESEARCH AND INVESTIGATION

(1)      Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

(2)      For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case, including through the internet; and do not visit any of the places that were mentioned during the trial.

(3)      Make your decision based only on the evidence that you saw and heard here in court.

## THE USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON                                    OR COMMUNICATE ABOUT A CASE

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 62 of 69 PageID #: 3927

# UNANIMOUS VERDICT

(1)      Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)      To find a defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)      To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)      Either way, guilty or not guilty, your verdict must be unanimous.

# DUTY TO DELIBERATE

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that -- your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved a defendant guilty beyond a reasonable doubt.

## <u>HOW JURORS SHOULD APPROACH THEIR TASK</u>

The attitude and conduct of jurors at the beginning of their deliberations are very important. It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of his opinion on the case or to announce a determination to stand for a certain verdict. When a juror does that, his sense of pride may be aroused and he may hesitate to recede from an announced position if shown that it is wrong. Remember that you are not partisans or advocates in this matter, but judges.

Case 3:11-cr-00082   Document 1180   Filed 11/16/12   Page 65 of 69 PageID #: 3930

## **PUNISHMENT**

(1)   If you decide that the government has proved a defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)   It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)   Your job is to look at the evidence and decide if the government has proved a defendant guilty beyond a reasonable doubt.

# VERDICT FORM

(1)   I have prepared a verdict form that you should use to record your verdict.  It follows at the end of these instructions and I will read it for you now.

(2)   If you decide that the United States has proven a charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the verdict form.  If you decide that the United States has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the verdict form.   Your foreperson should then sign the form, put the date on it, and inform the jury officer that your deliberations are concluded.

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved a defendant guilty beyond a reasonable doubt of the various crimes charged.

# JUROR NOTES

(1)     Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2)     Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.