UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:11CR00082 |
| | ) | Judge Trauger |
| [1] TRAVIS LYNN GENTRY, | ) | |
| [3] FRANK DWAYNE RANDOLPH | ) | |
| a/k/a TUBBS, | ) | |
| [7] PATRICK DEWAYNE SMITH, | ) | |

**ORDER OF FORFEITURE CONSISTING OF $750,000.00 UNITED STATES CURRENCY  MONEY JUDGMENT**

IT IS HEREBY ORDERED THAT:

1. As the result of the jury's guilty verdict as to Defendants Travis Lynn Gentry, Frank Dwayne Randolph a/k/a Tubbs and Patrick Dewayne Smith as to Count One of the Second Superseding Indictment, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853 and the jury's special verdict finding of $750,000.00 as proceeds, Defendants Travis Lynn Gentry, Frank Dwayne Randolph a/k/a Tubbs and Patrick Dewayne Smith shall forfeit to the United States their interest in $750,000.00 United States currency and substitute assets if such currency could not be located (hereinafter collectively referred to as "Subject Property"). Said $750,000.00 United States currency is proceeds from the offense(s) of which Defendants were convicted and Defendants shall be jointly and severally liable with co-defendants who may be sentenced to forfeiture for said amount.

2. The Court has determined, based on relevant and reliable evidence, including the jury's finding of guilty as to Count One of the Second Superseding Indictment, the jury's special Verdict finding of $750,000 in proceeds, evidence already in the record and any additional

evidence or information submitted by the parties, that the Subject Property is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the Government has established the requisite nexus between the $750,000.00 United States currency and the offense of conviction.

3. Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Pursuant to 21 U.S.C. § 853, Defendants Travis Lynn Gentry, Frank Dwayne Randolph a/k/a Tubbs and Patrick Dewayne Smith shall forfeit to the United States the sum of $750,000.00 United States currency and, by virtue of this Order, a personal Money Judgment in that amount shall enter against each: Defendants Travis Lynn Gentry, Frank Dwayne Randolph a/k/a Tubbs and Patrick Dewayne Smith, and they shall be jointly and severally liable for said amount with co-defendants who may be sentenced to forfeiture. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture consisting of a Money Judgment in the amount of $750,000.00 United States currency shall become final as to Defendants Travis Lynn Gentry, Frank Dwayne Randolph a/k/a Tubbs and Patrick Dewayne Smith at the time of sentencing, or before sentencing if Defendants consent, and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

5. Neither the United States through the exercise of due diligence or Defendants Travis Lynn Gentry, Frank Dwayne Randolph a/k/a Tubbs and Patrick Dewayne Smith have, as of this date, identified specific assets that were derived from the $750,000.00 in proceeds attributable to the offenses for which Defendants have been convicted. Nor has the United States or Defendants yet identified any property of the Defendants that could be forfeited as a substitute

asset in accordance with 21 U.S.C. § 853(p). Therefore, as a result of an act or omission of Defendants Travis Lynn Gentry, Frank Dwayne Randolph a/k/a Tubbs and Patrick Dewayne Smith, said proceeds cannot be located upon the exercise of due diligence; have been transferred or sold to or deposited with a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been co-mingled with other property which cannot be divided without difficulty. Therefore, the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of a Money Judgment of $750,000.00 United States currency to substitute property having a value not to exceed $750,000.00 United States currency to satisfy the Money Judgment in whole or in part.

6. This Money Judgment against Defendants Travis Lynn Gentry, Frank Dwayne Randolph a/k/a Tubbs and Patrick Dewayne Smith shall be recorded in the records of the County Clerk's Office in the county of Defendants' residence and any and all other counties in which Defendants have either real or personal property as a lien thereon in the amount of $750,000.00 plus interest at the current legal rate computed daily and compounded annually until paid in full, as determined by the United States; and

7. Upon the payment of the Money Judgment in full, that the United States shall file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript or abstract of the judgment has been filed; and

8. This Order is in continuing and full effect until payment of the $750,000.00 is made in full.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 19th day of November, 2012.

_____
JUDGE TRAUGER
UNITED STATES DISTRICT JUDGE