UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:11CR00082 |
| ) | Judge Aleta A. Trauger |
| [1] TRAVIS LYNN GENTRY, ) | |
| [3] FRANK DWAYNE RANDOLPH ) | |
| a/k/a TUBBS, ) | |
| [7] PATRICK DEWAYNE SMITH, ) | |

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the jury verdict of guilty on Count One of the Second Superseding Indictment, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853, Defendants Travis Lynn Gentry, Frank Dwayne Randolph and Patrick Dewayne Smith shall forfeit to the United States their interest in the following property:

**CURRENCY**

    1. $25,544.00 United States currency seized on March 17, 2011 from 509 West Poplar Street Pulaski, Tennessee;

**BANK ACCOUNTS**

    1. Contents of First National Bank of Pulaski Account #1060313 with the approximate value of $12,351.88 seized on March 22, 2011 from 206 South First Street, Pulaski, Tennessee; and

    2. Contents of Bank of Frankewing Certificate of Deposit #23166 with the approximate value of $11,639.69 seized on March 22, 2011 from 1671 West College Street, Pulaski, Tennessee;

**SAFE DEPOSIT BOX**

    1. $10,640.00 United States currency seized on March 22, 2011 from Safe Deposit Box 704, First National Bank of Pulaski located at 206 South First Street, Pulaski, Tennessee.

(hereinafter referred to collectively as 'Subject Property").

2. On November 16, 2012, a jury found the Defendants Travis Lynn Gentry, Frank Dwayne Randolph and Patrick Dewayne Smith guilty of Count One of the Second Superseding Indictment charging violations of 21 U.S.C. § 846 (drug trafficking). The jury also determined that the United States established the requisite nexus between the above-described property and the offenses(s) committed by the Defendants.

3. Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Upon entry of this Order, the Attorney General (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

5. Upon the issuance of the Preliminary Order of Forfeiture forfeiting the Defendants' interest in the Subject Property, the United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or his designee) may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property.

6. Any person, other than the above named Defendants, asserting a legal interest in the Subject Property shall, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendants at the time of sentencing, or before sentencing if the Defendants consent, and shall be made part of the sentence and included in the judgment. If no third party

2

Case 3:11-cr-00082    Document 1334    Filed 03/27/13    Page 2 of 3 PageID #: 4797

files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any third party motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided by 28 U.S.C. § 2461(c) which incorporates by reference the pertinent provision of 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED on this 27th day of March, 2013.

_____
JUDGE ALETA A. TRAUGER
United States District Court